## FELDMAN *v.* NICOLAI.

[40 Pac. 1011.]

DEBTOR AND CREDITOR—PREFERENCES—FRAUD.—In the absence of an intention to hinder, delay, or defraud other creditors, a debtor may prefer a particular creditor to the exclusion of others by transferring his property to him in consideration of the indebtedness;[*] but where such creditor is a relative, or a member of the debtor's family, the transaction will be scrutinized with more than ordinary care: *Jolly* v. *Kyle*, 27 Or. 95, cited and approved.

APPEAL from Multnomah: L. B. STEARNS, Judge.

This is a suit by certain judgment creditors of Adolph Nicolai to set aside two deeds, and subject the real property therein described to the payment of certain judgments rendered against the grantor. The facts are that on April first, eighteen hundred and ninety, the defendants Adolph Nicolai and Karoline, his wife, for the expressed consideration of eight thousand five hundred dollars, executed to their son-in-law, the defendant W. W. McGuire, a warranty deed which purported to convey the following described real property, to wit: Beginning at a point in the north line of

*To the same effect see *Marquam* v. *Sengfelder*, 24 Or. 2; *Currie* v. *Bowman*, 25 Or. 365 (44 Am. and Eng. Corp. Cases, 662, with note); and *Jolly* v. *Kyle*, 27 Or. 95, as applied to individuals. For an application of the right of preference among creditors of a corporation, see *Sabin* v. *Columbia Fuel Company*, 25 Or. 15.—REPORTER.

block one hundred and ninety-four in the city of Port-
land, Oregon, which is forty-five feet westward from
the northeast corner of said block, and running thence
southward parallel with Sixth Street ninety-five feet;
thence westerly parallel with Jackson Street fifty-five
feet; thence north parallel with Sixth Street ninety-
five feet, and thence easterly fifty-five feet to the place
of beginning; and on October twentieth of that year
the said Nicolai and wife, for the expressed considera-
tion of one dollar and other good and valuable consid-
erations, executed to their daughter Rosalia McGuire,
wife of the defendant W. W. McGuire, a warranty
deed, subject to certain mortgages, which purported
to convey the following real property: lot one in block
sixteen in Couch's Addition, and the west half of lots
seven and eight in block one hundred and ninety-four
in said city. At the the date of the latter conveyance
the defendant Nicolai was indebted in various amounts
to the several plaintiffs, who thereafter obtained judg-
ments against him upon their respective demands, and
had executions issued thereon, and delivered to the
sheriff of Multnomah County, but that officer, being
unable to find any property of the defendants in the
writs upon which he could levy, returned them wholly
unsatisfied.    The plaintiffs uniting their claims in this
suit allege, *inter alia,* that the defendant Nicolai is in-
solvent and that said deeds were executed without any
consideration and with a fraudulent intent to hinder,
delay, and defraud his creditors, and that they were
accepted by the defendants W. W. and Rosalia Mc-
Guire, with full knowledge and notice of Nicolai's in-
solvency and intention for the purpose of aiding him
in carrying said intention into effect.    The defendants
deny this allegation, and for a further defense allege
that the lots conveyed to Rosalia were subject to two

mortgages securing an indebtedness of sixteen thou-
sand dollars, the payment of which they assumed, and
which, together with judgment liens and street assess-
ments against the property, and certain indebtedness
due and owing from Nicolai to W. W. McGuire for
money paid out, advanced to, and expended for him,
and certain of his indebtedness which they assumed
and agreed to pay, amounting at the time of the sale
and conveyance to thirty thousand dollars, constituted
and was a full and adequate consideration therefor,
and that they purchased said property in good faith,
and paid therefor the consideration aforesaid, without
any intention to hinder, delay, or defraud any of the
creditors of Nicolai. The court, before the cause was
submitted, granted leave to amend the answer by add-
ing an allegation to the effect that the deed from
Nicolai to Rosalia McGuire was executed in pursuance
of an agreement between herself and husband that she
should hold the title to the premises in trust for him.
A reply having put in issue the allegations of new
matter contained in the answer, a trial was had before
the court resulting in a decree confirming the defend-
ants' title to the property and dismissing the suit, from
which decree the plaintiffs appeal.

                                        AFFIRMED.

For appellants there was a brief by *Messrs. Watson,
Beekman and Watson,* and *George W. P. Joseph,* with an oral
argument by *Mr. Edward B. Watson.*

Neither of the answers make out a complete de-
fense to the cause of suit alleged in the complaint.
The general denials of want of consideration and of
fraudulent intent do not repel the presumption of
fraud arising from the specific acts charged in the
complaint, which are not denied: Bump on Fraudulent

Conveyances (3d ed.), 559; *Robinson* v. *Stewart,* 10 N. Y. 194.

Neither of the two separate defenses in the answer of W. W. and Rosalia McGuire, show that they were purchasers in good faith and for a valuable consideration: *Webb* v. *Nickerson,* 11 Or. 385; *Weber* v. *Rothchild,* 15 Or. 389, 390 (3 Am. St. Rep. 162); *Hyland* v. *Hyland,* 19 Or. 55, 56; *Boone* v. *Chiles,* 10 Pet. 210, 211.

Parol evidence of the assumption of judgment liens, as part of the consideration for the two deeds, is in conflict with the covenants against incumbrances, and therefore, incompetent: *Estabrook* v. *Smith,* 6 Gray, 579; *Ruggles* v. *Barton,* 16 Gray, 152, 153; *Corbett* v. *Wrenn,* 24 Or. 305 (35 Pac. 660.)

Evidence that W. W. McGuire, alone, purchased the real property conveyed by the two deeds, and assumed the judgment and mortgage liens thereon, as part of the consideration, is in direct conflict with the averments in the answer of himself and Rosalia McGuire of a joint purchase and assumption by them, and therefore irrelevant: *Schooner Hoppet,* 7 Cranch, 394, 395; *Boone* v. *Chiles,* 10 Pet. 211; *Bender* v. *Bender,* 14 Or. 355, 356.

The acceptance of the deed of October twentieth, eighteen hundred and ninety, by Rosalia McGuire, the grantee, containing the recital in the covenant, "except said mortgages which the said grantee hereby assumes and agrees to pay," established a contract between her grantors and herself, and bound her individually to discharge said incumbrances, or answer for any deficiency: *Burr* v. *Beers,* 24 N. Y. 178 (80 Am. Dec. 327); *Thorp* v. *Keokuk Coal Company,* 48 N. Y. 253.

The mere assumption of incumbrances on real property, without an agreement to protect the grantors and the rest of his property therefrom, is not a

sufficient consideration for its conveyance, as against other creditors: Bump on Fraudulent Conveyances (3d ed.), 227, 228; *United States* v. *Mertz,* 2 Watts, 406; *Carpenter* v. *Carpenter,* 25 N. J. Eq. 194; *First National Bank* v. *Bertschy,* 52 Wis. 438; *Lyon* v. *Haddock,* 59 Iowa, 682.

A sale is not complete until the consideration has been paid. And if the purchaser has notice of the fraudulent intent of his grantor before payment of the purchase money, it is sufficient: Bump on Fraudulent Conveyances (3d ed.), 203; *Florence Sewing Machine Company* v. *Zeigler,* 58 Ala. 221; *Matson* v. *Melchor,* 42 Mich. 477; *Arnholt* v. *Hartwig,* 73 Mo. 485; *Bush* v. *Collins,* 35 Kan. 535 (11 Pac. 425); *Hunsinger* v. *Haffer,* 110 Ind. 390 (11 N. E. 463.)

Both the deeds from Adolph and Karoline Nicolai to W. W. and Rosalia McGuire, respectively, as well as the two sheriff's deeds to W. W. McGuire for part of the same property, were fraudulent in fact, and void as to the plaintiffs, as shown by the following badges of fraud, appearing from the evidence:—

Transfer of all all Adolph Nicolai's property: Bump on Fradulent Conveyances (3d ed.), 34 and 36; *Twyne's Case,* 1 Smith's Lead. Cas. (6 Am. ed.), 33; *Tubbs* v. *Williams,* 7 Humph. 367; *Bigelow* v. *Doolittle,* 36 Wis. 115; *Lahitle* v. *Fiere,* 42 La. Ann. 864 (8 So. 598); *Nesbitt* v. *Digby,* 13 Ill. 387; *Pervel* v. *Merritt,* 70 Mo. 275.

His heavy indebtedness and great financial embarrassment known to his grantees: Bump on Fraudulent Conveyances (3d ed.), 36 and 37; *Glenn* v. *Glenn,* 17 Iowa, 498; *Crawford* v. *Kirksey,* 50 Ala. 591.

Pendency of actions and suits, and expectation of more, to the knowledge of his grantees: Bump on Fraudulent Conveyances (3d ed.), 37 and 38; *Godfrey* v. *Germain,* 24 Wis. 410; *Reeves* v. *Sherwood,* 45 Ark. 520.

The conveyance of October twentieth, eighteen

hundred and ninety, pending a sixty day's stay of proceedings in plaintiff, Maria Feldman's action, mentioned in the complaint, at his request, and upon his promise to pay on or before the expiration of said period, and to save him costs on entry of judgment; and also pending an order of said circuit court enjoining him from making any transfer of his property, duly made in proceedings supplemental to execution on a judgment in favor of J. C. Rutenic, September twenty-sixth, and personally served September twenty-ninth, eighteen hundred and ninety: *Morris Canal Company* v. *Stearns,* 23 N. J. Eq. 414; *Coleman* v. *Roff,* 45 N. J. Law, 7; *Younger* v. *Massey* S. C., 17 S. E. 711, 712.

Intentional false statements of consideration are conclusive of fraud: Bump on Fraudulent Conveyances (3d ed.), 43; *Barker* v. *French,* 18 Vt. 460; *Tripp* v. *Vincent,* 8 Paige Ch. 178, 179; *Lynde* v. *McGregor,* 13 Allen, 174 (90 Am. Dec. 188); *Hawkins* v. *Alston,* 4 Ired. Eq. 137; *Marriott* v. *Givens,* 8 Ala. 694; *Venable* v. *Bank,* 2 Pet. 112; *Parker* v. *Barker,* 2 Metc. 430.

The indefinite, suspicious, and irreconcilably contradictory evidence introduced by defendants to prove the averred consideration for the two deeds: Bump on Fraudulent Conveyances (3d ed.), 55, 56; *Page* v. *Francis* (Ala.), 11 So. 736, 738; *Hudgins* v. *Kemp,* 20 How. 52, 53; *Marshall* v. *Green,* 24 Ark. 410; *Bouchard* v. *Glacier,* 64 Iowa, 675; *Pickett* v. *Pipkin,* 64 Ala. 520.

W. W. McGuire's resistance to the other judgments claimed to have been assumed, and, when compelled to pay them to save the property, his taking an assignment of each judgment, and keeping it alive instead of cancelling or entering satisfaction of record: Bump on Fraudulent Conveyances (3d ed.), 226; *Webb* v. *Ingham,* 29 W. Va. 389 (1 S. E. 816, 821); *Forstall* v. *Larche,* 39 La. An. 286 (1 So. 650, 651); *Younger* v. *Massey*

(S. C.), **17** S. E. 711, 713, 714; *Starr* v. *Starr,* 1 Ohio, **721**; *Oliver* v. *Moore,* 23 Ohio St. 473.

No accounts kept, and few, if any, notes taken, for numerous large loans of money by W. W. McGuire to Adolph Nicolai, none of which were produced in evidence: Bump on Fraudulent Conveyances (3d ed.), 51; *Scoggin* v. *Schloath,* 15 Or. 380, 383–384; *Whelden* v. *Wilson,* 44 Me. 1; *Haney* v. *Nugent,* 13 Wis. 283; *Hubbard* v. *Allen,* 59 Ala. 283; *Hendricks* v. *Robinson,* 2 Johns. Ch. 296–298; *Lehman* v. *Guenhut,* 88 Ala. 478 (7 So. 299, 300).

The facts and circumstances in evidence conclusively established fraud: *Clark* v. *Raymond* (Iowa), 53 N. W. 354–356; *Jackson* v. *Mather,* 7 Cowp. 301; *Switz* v. *Bruce,* 16 Neb. 463; *Fisher* v. *Moog,* 39 Fed. 665–672; *Hildreth* v. *Sands,* 2 Johns. Ch. 35, 43–46; same case on appeal, 14 Johns. 492; *Stoddard* v. *Butler,* 20 Wend. 505, 513–515; *Lyons* v. *Leahy,* 15 Or. 8–15.

For respondents there was a brief by *Messrs. Mitchell, Tanner and Mitchell,* and *Paxton and Beach,* and an oral argument by *Messrs. Albert H. Tanner* and *Ossian Franklin Paxton.*

Where a creditor takes the property of his debtor in payment of his debt, as was the case here according to the averments of the answer, it is not necessary for him to negative notice, for he might take the property in payment of his debt, although he knew the intention of the debtor was to hinder, delay, and defraud other creditors: *Shelby* v. *Boothe,* 73 Mo. 74; *Knower* v. *Central National Bank,* 124 N. Y. 560 (29 Am. St. Rep. 700); *Dudley* v. *Danforth,* 61 N. Y. 626; *Chase* v. *Walters,* 28 Iowa, 460; *Ross* v. *Sedgwick,* 69 Cal. 247; *Levy* v. *Fischel,* 65 Texas, 311; *Brown* v. *Forth,* 7 B. Mon. 357; Bump on Fraudulent Conveyances, 182, 186, 187; *Sabin*

v. *Columbia Fuel Company,* 25 Or. 15 (34 Pac. 692); *Marquam* v. *Sengfelder,* 24 Or. 2; *Warren* v. *Wilder,* 114 N. Y. 209.

Inadequacy of price to be evidence of fraud must have been so clearly and grossly inadequate as to shock the conscience of the court, and indicate that the vendor must have had some fraudulent scheme in mind or he would not have disposed of the property at such a figure: Bump on Fraudulent Conveyances, 43; Wait on Fraudulent Conveyances, § 232.

If the purchaser, though a relative, is an honest creditor and takes the property in payment of a just debt, his title is not invalidated; he cannot be convicted of fraud on any less evidence than any other person: *Silvers* v. *Potter,* 48 N. J. Eq. 539; *Barr* v. *Church,* 82 Wis. 382; *Coley* v. *Coley,* 14 N. J. Eq. 350.

Where a deed alleged to be fraudulent, recites a money consideration, parol evidence is admissible to show that a larger or additional sum was in fact paid or agreed to be paid: *Scoggin* v. *Schloath,* 15 Or. 380, at page 383; *Pomeroy* v. *Bailey,* 43 N. H. 118.

"Badges of fraud," so called, do not constitute fraud in themselves, but are only circumstances from which the court or jury may infer fraud: Wait on Fraudulent Conveyances, § 226. And the unfavorable inferences from these "badges of fraud" may be entirely overcome by evidence showing the honesty and fairness of the transaction.

Opinion by MR. JUSTICE MOORE.

A careful examination of the evidence shows that on April first, eighteen hundred and ninety, the defendant Adolph Nicolai owed various persons about twenty-five thousand dollars, of which sum four thou-

sand four hundred and thirty-seven dollars and fifty-five cents was due the defendant W. W. McGuire, to pay which Nicolai and his wife executed their deed of that date. While there is a controversy about the amount due McGuire at that time, we think the evidence fully shows that it was the sum stated above, and that no actual fraud was intended by either party to the deed, and hence the only question to be considered is whether the grantee paid a full consideration for the premises. The value of the property conveyed is estimated by two witnesses at four thousand dollars, and by three others at four thousand two hundred dollars, four thousand three hundred dollars, and five thousand dollars, respectively. The eight thousand five hundred dollars mentioned in the deed appears to have been adopted by the parties as the amount to be inserted as the consideration therefor before the interest had been computed upon the sum due McGuire, without any intention of defrauding Nicolai's creditors. The right of a debtor to prefer a particular creditor is not prohibited by statute, but where such creditor is a relative or member of the debtor's family the court will examine the evidence relating to the transfer of the debtor's property in satisfaction of the preferred creditor's claim with greater care: *Jolly* v. *Kyle,* 27 Or. 95 (39 Pac. 999). Tested by this rule, we conclude the defendant W. W. McGuire has paid an adequate consideration and clearly established his title to the premises conveyed to him. The evidence also shows that the lots conveyed to Rosalia McGuire were subject to the following liens: Mortgages and interest, sixteen thousand two hundred and thirty dollars; street assessment, one hundred and ninety-one dollars; judgments, three thousand one hundred and fifty-two dollars; and that in consideration of

four thousand two hundred and sixty-one dollars and seventy-five cents due from Nicolai to McGuire, and the latter's agreement to assume and pay off said liens, Nicolai and wife, on October twentieth, eighteen hundred and ninety, conveyed the premises to Rosalia in trust for her husband. The plaintiffs dispute an item of two thousand one hundred dollars claimed to have been loaned by McGuire to Nicolai, but McGuire shows from whom he obtained it, and his bookkeeper testifies that he drew a note for this amount which Nicolai signed, and that he saw McGuire pay Nicolai quite a sum of money. We think it clearly appears from the evidence that between April first, and October twentieth, eighteen hundred and ninety, McGuire loaned to and assumed the payment of debts for Nicolai amounting to four thousand two hundred and sixty-one dollars and seventy-five cents. The deed to Rosalia was immediately recorded, and the parties took possession of the premises under it, and, while there are some circumstances connected with the transfer that would seem to indicate fraud, we are convinced from the evidence that no actual fraud was intended, and that the conveyance was made in good faith, and with no intention upon the part of McGuire or his wife to defraud the creditors of Nicolai. The value of the lots conveyed to Rosalia McGuire is estimated at from eighteen thousand five hundred dollars to thirty-six thousand dollars, in which latter sum two witnesses agree, while six others place the value below twenty-three thousand eight hundred and thirty-four dollars, the amount paid and assumed by McGuire. From this evidence we think an adequate consideration was paid, and hence the decree must be affirmed and it is so ordered.    AFFIRMED.